Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| UNIVERSAL INSURANCE COMPANY Y OTROS | | Apelación Procedente del Tribunal de Primera Instancia, Sala de CAROLINA |
| Apelante | KLAN202400951 | Caso Núm.: CA2023CV03605 |
| v. | | |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS | | Sobre: Impugnación de Confiscación (Ley Núm. 119-2011) |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 9 de diciembre de 2024.

El 22 de octubre de 2024, Universal Insurance Company (en adelante, Universal) y Oriental Bank and Trust (en adelante, Oriental) (en conjunto, parte apelante) sometieron ante este Tribunal de Apelaciones un *Recurso de Apelación,* mediante el cual nos solicita la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI o foro primario) con fecha del 27 de junio de 2024, notificada el mismo día. Por virtud del aludido dictamen, el TPI determinó sumariamente que la notificación de la confiscación por parte del Estado Libre Asociado de Puerto Rico (en adelante, Estado o ELA) fue correcta. Consecuentemente, declaró No Ha Lugar la *Demanda* sobre impugnación de confiscación presentada por la parte apelante.

Estudiado el legajo apelativo, en virtud del derecho aplicable que más adelante consignamos, **modificamos** la *Sentencia* apelada.

I.

El 8 de noviembre de 2023, Universal y Oriental sometieron una *Demanda* sobre impugnación de confiscación contra el Estado. Alegaron

Número Identificador

SEN2024 _____

que, Oriental era la dueña del contrato de venta al momento de la confiscación y, que su interés surgía, toda vez que dicho contrato tenía un gravamen a su favor. De igual forma, indicaron que, el interés de Universal surgía, puesto que, el vehículo tenía una póliza de seguro para cubrir el riesgo de confiscaciones a favor de la entidad bancaria. Además, aclararon que, la Sra. Carmen Rivera Serrano tenía un balance pendiente de pago del vehículo. En la alternativa, plantearon que la Sra. Rivera era un tercero inocente a la confiscación.

Además, adujeron que, la confiscación del vehículo de motor Toyota modelo Corolla, tablilla IWQ-428, fue nula e ilegal, pues la notificación de dicha confiscación no se hizo dentro de los términos establecidos por la Ley Núm. 119-2011, según enmendada, intitulada *Ley Uniforme de Confiscaciones de 2011*, 34 LPRA sec. 1724, *et seq*. (Ley Núm. 119-2011 o Ley de Confiscaciones). También, arguyeron que el vehículo no se utilizó para violar ninguna ley que justificara su confiscación, por lo que su confiscación era contraria a derecho. Por otro lado, esbozaron que la Ley de Confiscaciones era inconstitucional, puesto que, privaba a Universal y Oriental de su derecho propietario sobre el vehículo sin un debido proceso de ley. Por último, argumentaron que la tasación realizada al vehículo en controversia era arbitraria e injustificada. Por todo lo anterior, solicitaron declarara ha lugar la *Demanda* y decretara la nulidad de la confiscación.

En respuesta, el 13 de diciembre de 2023, el ELA presentó su *Contestación a Demanda*. Al así hacerlo, negó que la confiscación fuera nula e ilegal. A su vez, levantó sus defensas afirmativas. En lo pertinente, señaló que, conforme al Art. 13 de la Ley de Confiscaciones, 34 LPRA sec. 1724j, en los casos en los que se retuviera o incautara propiedad para una investigación relacionada con un caso penal, civil, administrativa o cuando el bien fuese indispensable para investigación o evidencia, el término para culminar la investigación y emitir orden de confiscación no excedería de

noventa (90) días. Por último, esgrimió que los treinta (30) días para notificar la confiscación comenzaban a contarse una vez culminara la acción y se expidiera la orden de confiscación.

Tras varios trámites procesales, el 27 de marzo de 2024, la parte apelante presentó una *Moción Solicitando Sentencia Sumaria por Notificación Tardía* en la cual adujo que no existía controversia en cuanto a seis (6) hechos. Así pues, indicó que la única controversia que restaba por determinar era si la notificación de la confiscación fue conforme a derecho. Sostuvo, que el vehículo fue ocupado el 27 de septiembre de 2023, y la notificación de la confiscación se realizó de forma tardía, el 30 de octubre de 2023. De igual forma, apuntó que de la notificación no surgía que el vehículo fue ocupado para realizar una investigación. Por todo lo anterior, solicitó se declarara Ha Lugar la *Demanda,* y determinara que la confiscación era nula, puesto que la notificación de la confiscación se realizó fuera del término de treinta (30) días dispuestos por ley.

En desacuerdo, el 1 de abril de 2024, el ELA presentó su *Oposición a Moción en Solicitud de Sentencia Sumaria*. En ella, desglosó los hechos que, a su juicio, no estaban en controversia. Además, arguyó que en la *Hoja de Inventario de Vehículo* emitida el 26 de septiembre de 2023, se indicó que dicho vehículo fue ocupado para investigación. Así pues, razonó que el Estado contaba con el término de noventa (90) días para culminar su investigación y, luego de transcurridos los 90 días, tenía el término de treinta (30) días, a partir de la orden de confiscación para notificarla. Particularmente, esbozó que la orden de confiscación fue emitida el 24 de octubre de 2023, posterior a culminar la investigación correspondiente. Por tanto, adujo que el ELA tenía hasta el lunes, 27 de noviembre de 2023, para notificar la confiscación, por lo que la notificación se realizó dentro del término estatutario para ello. En virtud de lo anterior, solicitó se declarase

No Ha Lugar la *Moción Solicitando Sentencia Sumaria por Notificación Tardía* y, ordenara la continuación de los procedimientos. [1]

Luego de examinar los argumentos de las partes, el 27 de junio de 2024, el foro primario dictó *Sentencia* en la cual declaró No Ha Lugar la *Demanda* de impugnación de confiscación. Esta fue notificada el mismo día. Específicamente, determinó que el vehículo fue ocupado para realizar una investigación, por lo que el término para la notificación de la confiscación comenzó a transcurrir el 24 de octubre de 2023. Entiéndase, el día en que se expidió la orden de confiscación. Asimismo, enfatizó que la notificación expedida por la Junta de Confiscaciones se realizó seis (6) días después de la expedición de la orden de confiscación, a saber, el 30 de octubre de 2023. A su vez, concluyó que era un hecho incontrovertido que el Estado cumplió con el término establecido en la Ley de Confiscaciones para notificar la confiscación al dueño del vehículo. Por último, coligió que la parte apelante no derrotó la presunción de legalidad y corrección de la confiscación.

Inconforme, el 3 de julio de 2024, la parte apelante presentó su *Moción de Reconsideración*. Allí, señaló que el TPI avaló los argumentos del ELA sin tener prueba fehaciente y sin llevar a cabo una vista evidenciara. De igual forma, indicó que no podía declarar Ha Lugar la *Demanda*, únicamente, con un documento presentado por el ELA y, sin este haber solicitado sentencia sumaria. Sostuvo que se le privó de un debido proceso de ley y, que procedía realizar un descubrimiento de prueba. De igual forma, reiteró que la confiscación era una nula, dado que, de la documentación presentada no surgía que el vehículo fue ocupado para investigación. Así pues, alegó que los treinta (30) días para notificar la confiscación comenzaron a transcurrir desde el 27 de septiembre de 2023,

---

[1] El 4 de abril de 2024, el TPI emitió y notificó una *Resolución* en la cual reconoció legitimación activa a Oriental. Conforme lo anterior y en la misma fecha, el TPI dictó *Sentencia Parcial*. Mediante esta, declaró Ha Lugar el desistimiento sin perjuicio de Universal.

fecha en que se ocupó el vehículo. Por todo lo anterior, razonó que la notificación de la confiscación era nula, puesto que, se realizó el 30 de octubre de 2023, es decir, posterior a que transcurrieran los treinta (30) días a partir de la confiscación. En la alternativa, razonó que procedía ordenar la continuación de los procedimientos. El 18 de septiembre de 2024, la parte apelante presentó su *Moción Reiterando Reconsideración*.

Posteriormente, el 24 de septiembre de 2024, notificada el día 11 de junio de 2024, el TPI dictó una *Orden* en la que declaró No Ha Lugar la reconsideración sometida. En desacuerdo con lo decidido, el 22 de octubre de 2024, Universal y Oriental instaron el recurso de apelación de epígrafe en el que señalaron la comisión de los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia Sala de Carolina, al determinar que la notificación de la confiscación se realizó dentro del término jurisdiccional dispuesto en la Ley Uniforme de Confiscaciones de 2011, 34 L.P.R.A. Sec. 1724 *et seq.*

> Erró el Honorable Tribunal de Primera Instancia, Sala de Carolina, al determinar sumariamente que la parte demandante no derrotó la presunción de legalidad de la confiscación sin ni tan siquiera la celebración de una vista evidenciaria.

Examinado este escrito, el 24 de octubre de 2024, dictamos *Resolución* mediante la que le ordenamos al ELA a someter su posición en cuanto al recurso de epígrafe. En cumplimiento con lo anterior, el 21 de noviembre de 2024, el Estado presentó el *Alegato del Estado*.

II.

A.

La confiscación es el acto de ocupación que lleva a cabo el Estado de todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados en relación con la comisión de ciertos delitos. Universal Ins. y otro v. ELA y otros, 211 DPR 455 (2023) al citar a Coop. Seg. Múlt. et als. v. ELA et al., 209 DPR 796 (2022) y otros. Dicho proceso tiene dos modalidades. Una de estas, de naturaleza penal, va dirigido contra la

persona imputada de delito (*In personam).* En ella, si el imputado resulta culpable de la comisión del delito, la sentencia incluirá como sanción la confiscación de la propiedad incautada. *Íd.,* a la pág. 464.

La otra modalidad es una de carácter *in rem*, dirigida contra la cosa misma y no contra el dueño de la propiedad, poseedor, encargado o cualquier otra persona con interés legal sobre el bien. *Íd.* Para que proceda una confiscación *in rem* o civil deben satisfacerse dos requisitos primordiales, a saber: (1) debe existir prueba suficiente y preponderante de que se ha cometido un delito y (2) debe demostrarse que existe un nexo entre la comisión del delito y la propiedad confiscada. Además, dada la naturaleza independiente de la acción civil de la confiscación, esta puede instarse antes de que se presente una acción criminal o, incluso, antes de que se haya obtenido un veredicto de culpabilidad o absolución. Lo crítico es que el Estado demuestre que la propiedad confiscada se utilizó en una actividad delictiva. Universal Ins. y otros v. ELA y otros, *supra,* a la pág. 466, y casos allí citados.

Mediante la aprobación de la Ley 119-2011, nuestra Asamblea Legislativa estableció un trámite justo, expedito y uniforme para la confiscación de bienes por parte del Gobierno. Id., al citar a Figueroa Santiago et als. v. ELA, 207 DPR 923, 930 (2021). La Ley 119-2011, según enmendada, autoriza al Estado a ocupar y hacer suya toda propiedad que sea utilizada en la comisión de ciertos delitos graves y menos graves, incluyendo violaciones a la Ley de Vehículos y Tránsito.[2] Conforme establece el Artículo 13 del aludido estatuto, el Estado tiene la obligación de notificar la confiscación realizada y la tasación de la propiedad a las personas en dicho artículo enumeradas.[3]

---

[2] 34 LPR Sec. 1724f.
[3] 34 LPRA Sec. 1724j.

Las personas notificadas de una confiscación conforme a la Ley 119-2011 y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico. Dicha demanda, deberá radicarse en la sala correspondiente del Tribunal de Primera Instancia, Sala Superior y tramitarse de manera expedita, celebrándose los procedimientos sin sujeción a calendario. Así pues, el tribunal ante el cual se haya presentado el pleito deberá adjudicarlo dentro de los seis (6) meses desde que la demanda se conteste. La legalidad y corrección de la confiscación se presumirá, teniendo el demandante el peso de la prueba para derrotar la legalidad de esta. A su vez, el descubrimiento de prueba se realizará dentro de los treinta (30) días posteriores a la contestación a la demanda. [4]

En cuanto a la notificación de la confiscación arriba aludida, el Artículo 13 de la Ley 119-2011, *supra,* establece lo siguiente:

> El Director Administrativo de la Junta notificará la confiscación y la tasación de la propiedad confiscada a las siguientes personas:
>
> a) a la persona que tuviere la posesión física del bien al momento de la ocupación;
> b) a aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien;
> c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito;
> d) en los casos de bienes inmuebles se notificará, además, al dueño, según consta en el Registro de la Propiedad del municipio donde ubica el bien y a la institución hipotecaria que a la fecha de la ocupación aparezca en dicho Registro como acreedor hipotecario del bien.
>
> Toda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes. La notificación se hará a la dirección conocida del alegado dueño, encargado o persona con derecho o interés en la propiedad, según consta del expediente de la confiscación.
>
> En el caso de vehículos de motor que sean ocupados en virtud de la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, conocida como "Ley para la Protección de la Propiedad Vehicular" (9 L.P.R.A. §§ 3201 et seq.), la notificación se hará dentro de los treinta

---

[4] 34 LPRA Sec. 1724l.

(30) días siguientes a partir del término de treinta (30) días dispuestos para que los oficiales del orden público lleven a cabo una investigación sobre el bien ocupado. Un vehículo ocupado al amparo de la "Ley para la Protección de la Propiedad Vehicular", no será confiscado a favor del Gobierno de Puerto Rico hasta tanto se culmine el procedimiento dispuesto en dicha Ley. El mismo se mantendrá bajo la custodia de la Policía hasta que se culmine la investigación correspondiente.

**En aquellos casos en los que se incaute y retenga cualquier propiedad para alguna investigación relacionada con cualquier acción penal, civil, administrativa o cuando el bien es indispensable para la investigación o como evidencia en el caso, el término para culminar la investigación y emitir la orden de confiscación no excederá de noventa (90) días. Los treinta (30) días para notificar la confiscación comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación.** (énfasis suplido)

El propósito de la notificación regida por el antes transcrito artículo es salvaguardar los derechos constitucionales de toda parte interesada en la propiedad confiscada. Reliable v. Depto. Justicia y ELA, 195 DPR 917, 925 (2016) al citar a López v. Secretaria, 162 DPR 345, 352 (2004). Cabe precisar, que conforme al Artículo 15 de la Ley 119-2011, *supra,* se presume la legalidad y corrección de la confiscación independientemente de cualquier otro caso penal, administrativo o cualquier otro procedimiento relacionado a los mismos hechos.

B.

El mecanismo procesal de la sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil, 32 LPRA, Ap. V., R. 36, permite resolver los asuntos de aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, no ameritan la celebración de un juicio. Cruz Velez v. CEE, 206 DPR 694 (2021), al citar a Mejías et al. v. Carrasquillo et al., 185 DPR 288 (2012) y otros. Así pues, conforme la discutida regla, procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, más las declaraciones juradas y cualquier otra evidencia presentada se acredita la inexistencia de una controversia real y sustancial sobre algún hecho esencial y material. Deberá,

también, justificarse por el derecho aplicable. Id., mencionando a Bobé et al. v. UBS Financial Services, 198 DPR 6 (2017) y demás.

Por otro lado, la parte que se oponga a la moción de sentencia sumaria, deberá así hacerlo dentro del término de veinte (20) días desde su notificación, cumpliendo con los requisitos de ley. Así pues, deberá efectuar una exposición breve de las alegaciones, los asuntos litigiosos o en controversia. También, deberá hacer referencia a los párrafos enumerados por la parte promovente que entiende están en controversia y para cada uno, detallar la evidencia admisible que sostiene su impugnación. Véase, Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b); Cruz Velez v. CEE; *supra*; y SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 432 (2013). Las meras afirmaciones no bastan. Meléndez González et al. v. M. Cuebas, 193 DPR 100, 136 (2015). Esto es así, ya que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, sino que tiene que ser una que permita concluir la existencia de una controversia real y sustancial sobre hechos relevantes y pertinentes. Abrams Rivera v. ELA, 178 DPR 914, 932 (2010). No obstante, el no presentarse oposición a una moción de sentencia sumaria no impide que el tribunal falle en contra del promovente de esta ya que esta "puede dictarse a favor o en contra del promovente, según proceda en derecho.". Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 DPR 563, 575 (1997).

Así, al evaluar los méritos de una solicitud de sentencia sumaria un tribunal podrá dictar sentencia sumaria si de los documentos sometidos ante su consideración surge que no existe controversia real sustancial en cuanto a ningún hecho material y solo restaría por resolver una controversia estricta de derecho. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V R 36.3(e). Por el contrario, no procederá una moción de sentencia sumaria cuando (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han

sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. Cruz Velez v. CEE; *supra.*

En cuanto a la revisión judicial de una determinación sobre sentencia sumaria, es meritorio señalar que los foros apelativos nos encontramos en la misma posición que el foro primario. Por ello, debemos regirnos por la Regla 36 de Procedimiento Civil y aplicar los criterios de esta. No obstante, no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI. Tampoco podemos adjudicar los hechos materiales en controversia, por ser una tarea que le compete al foro de instancia luego de celebrarse un juicio. Meléndez González et al. v. M. Cuebas, *supra,* pág. 118.

III.

La parte apelante en su recurso señaló que el TPI erró al determinar que la notificación de la confiscación se realizó dentro del término jurisdiccional dispuesto en el Art. 13 de la Ley de Confiscaciones, *supra*. A su vez, indicó que el foro primario erró al concluir de manera sumaria que la parte apelante no derrotó la presunción de legalidad de la confiscación. Ello sin celebrar una vista evidenciaria. Quiere decir pues, que debemos evaluar si existían controversias de hechos que impedían la resolución sumaria del caso de impugnación de confiscación. Igualmente, luego de dicho ejercicio, justipreciaremos si la aplicación del derecho fue correcta.[5]

Del legajo apelativo apreciamos que el 27 de septiembre de 2023, el Estado ocupó el vehículo de motor Toyota modelo Corolla, tablilla IWQ-

---

[5] Como primer paso, debemos evaluar si la solicitud de sentencia sumaria sometida en el caso cumplió con los requisitos de forma establecidos en nuestro ordenamiento jurídico para las mociones de sentencia sumaria. Así hecho, notamos que, en la *Moción en Solicitud de Sentencia Sumaria* sometida por Oriental, dicha parte se limitó a enumerar unos hechos sin siquiera explicar los hechos que entendía estaban controvertidos o incontrovertidos. Este incumplimiento causa que el TPI no esté obligado a considerar tales hechos. No obstante, el foro primario dentro de la potestad discrecional que le cobija decidió atender dicha moción. Aprovechamos para señalar que el Estado sí cumplió con los requisitos de forma al oponerse a la moción dispositiva.

428 a tenor con la Ley Núm. 119-2011, por violación al Art. 512 de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como *Ley de Sustancias Controladas*, 24 LPRA sec. 2101, *et seq.* y la Ley Núm. 168 -2019, según enmendada, intitulada como *Ley de Armas de Puerto Rico de 2020*, 25 LPRA sec. 461, *et. seq*, según la notificación de la confiscación emitida por la Junta de Confiscaciones el 30 de octubre de 2023.[6] De igual forma, señalamos que el ELA acompañó la *Oposición a Moción en Solicitud de Sentencia Sumaria* con el formulario PMC-013 intitulado *Inventario de Vehículo* con fecha de 26 de septiembre de 2023. Dicho formulario dispone, que el vehículo en controversia fue ocupado para investigación.

Como norma general, el Estado tiene un término jurisdiccional de treinta (30) días, desde la incautación del automóvil para notificar aquellos individuos enumerados en el Art. 13 de la Ley Núm. 119-2011, *supra*. No obstante, la referida ley contempla excepciones al término establecido de treinta (30) días para notificar la confiscación. Entre dichas excepciones se encuentra la incautación del vehículo para fines investigativos. Particularmente, el Art. 13 de la Ley de Confiscaciones dispone lo siguiente:

> En aquellos casos en los que se incaute y retenga cualquier propiedad para alguna investigación relacionada con cualquier acción penal, civil, administrativa o cuando el bien es indispensable para la investigación o como evidencia en el caso, el término para culminar la investigación y emitir la orden de confiscación no excederá de noventa (90) días. Los treinta (30) días para notificar la confiscación comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación. 34 LPRA sec. 1724j.

Según dispone dicho artículo, cuando la propiedad es incautada y retenida para fines investigativos, el Estado tendrá un periodo de noventa (90) días para culminar su investigación y emitir la orden de confiscación. A su vez, indica que el periodo de treinta (30) días para notificar a las partes con interés comenzará a transcurrir desde que se expida la orden de confiscación. A esos efectos, el ELA argumentó que, dicha disposición

---

[6] Anejo V del Recurso de Apelación, págs. 18-19.

aplicaba a la controversia ante nos, toda vez que el vehículo fue ocupado para investigación. Ahora bien, es importante considerar que referente a tal término excepcional, el Tribunal Supremo ha expresado lo siguiente:

> [N]o es suficiente aludir simplemente a una supuesta investigación en términos vagos y generalizados. El estatuto exige establecer, tanto la naturaleza de la investigación, como la necesidad de retener la propiedad para fines *asociados* a esa investigación. Reliable Financial v. ELA, 197 DPR 289, 303 (2017).

> Al igual, el máximo foro ha indicado que:

> El hecho que se hayan ocupado armas en el automóvil no implica que automáticamente el vehículo sea relevante para alguna investigación ulterior sobre posibles cargos criminales contra los ocupantes. En sus escritos, el Gobierno no detalla en qué consistió la supuesta investigación, cuál fue su propósito y su nexo con el vehículo. *Id.*, págs. 304-305.

Cónsono con lo anterior, debe probarse que contemporáneamente o cercano a la incautación exista o se inicie algún tipo de investigación de naturaleza civil, penal o administrativa y, que esa investigación esté de alguna manera vinculada a la razón para ocupar la propiedad incautada. Reliable Financial v. ELA, 197 DPR 289, 302 (2017).

De lo anterior se desprende que el Estado cumplió con los requisitos establecidos en la Ley Núm. 119-2011, *supra,* y la jurisprudencia para poder beneficiarse del término de noventa (90) días. En el caso de autos, el ELA apercibió a la parte apelante que el vehículo en cuestión fue ocupado para investigación, mediante el formulario PMC-013 conocido como *Inventario del Vehículo*. A su vez, la notificación de la orden de confiscación apercibió a las partes que dicho vehículo fue ocupado por violación al Art. 512 de la Ley de Sustancias Controladas, *supra*, y la Ley de Armas, *supra*.

De igual forma, surge del expediente ante nos, que el vehículo se ocupó para investigación el 27 de septiembre de 2023. Luego, el 24 de octubre de 2023, el Estado emitió la Orden de Confiscación. Es decir, a los veintisiete (27) días de la ocupación del vehículo en controversia. Por último, el 30 de octubre de 2023, el ELA notificó la confiscación del vehículo a la parte apelante, a saber, dentro del término de treinta (30) días requerido

por la Ley Núm.119-2011, *supra*. Ello, en cumplimiento con los requisitos anteriormente esbozados. Nótese que, mediante el formulario PMC-013 de *Inventario de Vehículo*, el ELA logró demostrar que cercano a la fecha en que se ocupó el vehículo, se inició una investigación de naturaleza penal y, que dicha investigación indicaba el motivo por el cual se ocupó el vehículo.

En virtud de lo anterior, colegimos que no le asiste la razón a la parte apelante al argumentar que la ocupación era nula, dado que el ELA no advirtió que se encontraba realizando una investigación penal vinculada al vehículo. Entiéndase, que la parte apelante conocía que el vehículo fue ocupado para investigación. Asimismo, concluimos que la Orden de Confiscación se emitió dentro del término de noventa (90) días, conforme exige el Art. 13 de la Ley Núm. 119-2011, *supra*. A su vez, la notificación de la confiscación se llevó a cabo en el término de treinta (30) días siguientes a la Orden de Confiscación, a saber, el 30 de octubre de 2023. Por tanto, es forzoso concluir que el TPI no erró al determinar que la notificación se realizó conforme al Art. 13 de la Ley de Confiscaciones, *supra*. Por lo tanto, entendemos que el primer señalamiento de error no se cometió.

Ahora bien, coincidimos con la parte apelante en cuanto a que no debió desestimarse la impugnación de la confiscación, como expone en su segundo señalamiento de error. Ello, pues luego de un minucioso avalúo del expediente, nos parece que el foro primario no debió disponer del asunto de manera sumaria, sino que debió denegar la moción dispositiva sometida y ordenar la continuación de los procedimientos.

En el presente caso, mediante su solicitud de sentencia sumaria, la apelante arguyó que procedía que se dictara sentencia sumaria a su favor pues del documento que sometía se desprendía claramente que la notificación de la confiscación efectuada en el caso fue tardía. El ELA, al oponerse a dicho escrito, ripostó que la hoja de *Inventario de Vehículo* que acompañaba a su escrito establecía que este fue ocupado para

investigación,[7] por lo que la notificación emitida en el caso se hizo dentro del término jurisdiccional establecido por ley para estas situaciones. Asimismo, citó la *Sentencia* dictada por este Tribunal de Apelaciones en el caso KLAN202301138 en la que, según aseveró, se concluyó que "habiendo el Estado indicado que el vehículo fue retenido para investigación y habiendo provisto evidencia de ello, el Tribunal de Primera Instancia se encontraba impedido a dictar una Sentencia Sumaria en contra del Estado hasta que se dilucidara en Juicio el asunto de la investigación efectuada." Tras así argumentar, el ELA en su súplica, solicitó que se declarara No Ha Lugar la moción de sentencia sumaria de la apelante y que se ordenara la continuación de los procedimientos, con cualquier pronunciamiento que proceda en derecho.

**Aunque reconocemos que la herramienta de la sentencia sumaria es un instrumento valioso para resolver controversias sin la necesidad de un juicio, los propios argumentos sometidos por las partes nos mueven a concluir que dicha herramienta no debió ser utilizada para disponer del mismo en su totalidad. Por el contrario, debido a que la solicitud de sentencia sumaria que la apelante sometió para probar sus argumentos fue, a juicio del foro primario, insuficiente para conceder sumariamente su reclamo, el TPI debió, en todo caso, ordenar la continuación de los procedimientos, permitir descubrimiento de prueba y entonces, celebrar una vista evidenciaria.** A final de cuentas, si bien quedó demostrado que la notificación se hizo conforme a los plazos aplicables a los vehículos que son confiscados para efectuar una investigación, ninguna de las partes sometió evidencia documental relacionada a la alegadamente efectuada investigación. Por tanto, queda pendiente de dilucidar en Juicio todo lo concerniente a la misma. Allí, y en ese momento, las partes tendrán la

---

[7] Véase párrafo 23 de la *Oposición a Moción en Solicitud de Sentencia Sumaria*, página 48 del Apéndice.

oportunidad de presentar su evidencia respecto a dicho asunto y el TPI estará en mejor posición para conocer los eventos y disponer de la controversia.

IV.

Por los fundamentos aquí consignados, **modificamos** la *Sentencia* dictada el 27 de junio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina, a los fines de dejar sin efectos la desestimación de la causa de acción de la parte apelante; **así modificada se confirma**.

Por consiguiente, devolvemos el caso al foro primario para la continuación de los procedimientos de rigor conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones